# ORIGINAL





PAID
17823

RONALDO A. COULTER
ISB#3850

MIMURA, COULTER & MIMURA, PLLC
Attorneys at Law
1404 N. Main Street, Suite 100
Meridian, Idaho 83642
Telephone: (208) 288-0744
Facsimile: (208) 575-6217
ron@mimuracoulterlaw.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEANA M. ASHTON,<br><br>**Plaintiff,**<br><br>vs.<br><br>BILMAR, INC<br>DBA: TEN MILE ROAD<br>3735 N TEN MILE ROAD<br>MERIDIAN, ID 83642,<br><br>BILMAR, INC.<br>2710 W. MARACAY DRIVE<br>MERIDIAN, ID 83704,<br><br>**Defendant.** | COMPLAINT<br>(Jury Requested)<br><br>Case No. CIV 04-590-S-BLW |

## COMPLAINT

Plaintiff hereby commences this action and makes the following allegations:

COMPLAINT                                1

## JURISDICTION AND VENUE

1. Plaintiff commences this action to recover from Defendant unpaid wages and unpaid overtime compensation, together with an additional equal amount as liquidated damages, as well as reasonable attorneys' fees, pursuant to §216(b) of the Fair Labor Standards Act. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1337, 1367, 2201 and 2202 and 29 U.S.C. §216(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

3. Considerations of judicial economy, convenience and fairness to the litigants warrant exercise of this Court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

4. The actions complained of herein occurred in Boise, Idaho where Defendant employed the Plaintiff.

## PARTIES

5. Plaintiff Deana M. Ashton ("Plaintiff") at all times relevant to this action was a resident of the State of Idaho and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendant.

6. Defendant Bilmar, Inc. (hereinafter "Defendant Bilmar") is an Idaho corporation engaged in interstate commerce, which maintains a regular place of business in Ada County, Idaho at the following locations: 3735 N. Ten Mile Road, Meridian, Idaho 83642 and 2710 West Maracay Drive, Meridian, Idaho 83642. At all times during Defendant's employment of the Plaintiff, Defendant was engaged in the renting, leasing and management of storage properties in the stream of interstate commerce, and was Plaintiff's "employer" within the meaning of 29 U.S.C. §203(d).

## FACTUAL ALLEGATIONS

7. The Defendant employed Plaintiff to work as an On-site resident manager from July 17, 1999 to February 25, 2004.

8. Throughout the course of Plaintiff's employment by the Defendant, the Plaintiff's primary duties and principal activities in the employ of the Defendant rarely, if ever, involved discretion or independent judgment, but rather were limited to repetitive tasks involving leasing storage spaces, fielding telephone inquiries, maintaining facility cleanliness, receiving monthly rent, data entry, maintaining rental logs, and reporting all visible problems to the facility owners.

9. At all times during the course of Plaintiff's employment, Plaintiff performed all assigned duties in an exemplary manner that exceeded the Defendant's legitimate expectations as Plaintiff's employer.

COMPLAINT                                              2

10. During the duration of the Plaintiff's employment with the Defendant, Defendant refused to compensate Plaintiff for all hours worked by Plaintiff despite Plaintiff's performance of the primary duties and principal activities for which Defendant employed the Plaintiff, which were an integral part of the principal activities for which Plaintiff was employed, which were indispensable to the performance of such principal activities, and which were controlled and required by the Defendant for the Defendant's benefit.

11. During the duration of the Plaintiff's employment with the Defendant, Defendant required Plaintiff to work many hours in excess of forty (40) hours in all workweeks during her employment.

12. During the duration of the Plaintiff's employment with the Defendant, Defendant knowingly and willfully failed or refused to maintain records of its employees' hours worked.

13. During the duration of the Plaintiff's employment with the Defendant, Defendant knowingly and willfully refused to comply with Defendant's known obligation to pay Plaintiff for all hours worked, despite Defendant's knowledge of its obligation to pay Plaintiff for all hours worked by virtue of the wage payment requirements of the Fair Labor Standards Act and Defendant's knowledge that Plaintiff's duties rendered Plaintiff a non-exempt employee.

14. During the duration of the Plaintiff's employment with the Defendant, Defendant knowingly and willfully refused to comply with its known obligation to pay Plaintiff overtime premiums for all hours worked in excess of forty (40) hours in each workweek; despite Defendant's knowledge of its obligation to pay Plaintiff overtime premiums as required by the Fair Labor Standards Act and Defendant's knowledge that Plaintiff's duties rendered Plaintiff a non-exempt employee.

### COUNT I: WILLFUL VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (REFUSAL TO PAY FOR ALL HOURS WORKED)

15. Plaintiff hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

16. By the aforementioned acts and omissions, Defendant knowingly and willfully violated the Fair Labor Standards Act by failing and refusing to pay Plaintiff for all hours worked.

17. Defendant stands liable to Plaintiff for willful violations of the wage payment requirements of the Fair Labor Standards Act by refusing to pay Plaintiff for all hours worked.

18. Defendant stands liable to Plaintiff for all unpaid wages and an additional equal amount as liquidated damages given the knowing and willful character of the Defendant's violations of the Fair Labor Standards Act.

### COUNT II: WILLFUL VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (REFUSAL TO PAY OVERTIME)

19. Plaintiff hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

20. By the aforementioned acts and omissions, Defendant knowingly and willfully violated the Fair Labor Standards Act by failing and refusing to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) in each workweek.

21. Defendant stands liable to Plaintiff for willful violations of the overtime wage payment requirements of the Fair Labor Standards Act.

22. Defendant stands liable to Plaintiff for all unpaid overtime compensation and an additional equal amount as liquidated damages given the knowing and willful character of the Defendant's violations of the Fair Labor Standards Act.

### COUNT III: WILLFUL VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (RECORD KEEPING)

23. Plaintiff hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

24. By the aforementioned acts and omissions, Defendant knowingly and willfully violated the Fair Labor Standards Act.

25. Defendant stands liable to Plaintiff for willful violations of the record keeping requirements of the Fair Labor Standards Act.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. A finding that Defendant stands liable to Plaintiff for willful violations of the overtime and wage payment requirements of the Fair Labor Standards Act.

2. A finding that Defendant stands liable to Plaintiff for willful violations of the record keeping requirements of the Fair Labor Standards Act.

3. An award compensating Plaintiff, according to proof, for all overtime and wage underpayments required to be paid by the Fair Labor Standards Act, and an additional equal amount as liquidated damages.

4. A finding after judgment (or partial summary judgment) in Plaintiff's favor, that the Defendant stands liable to Plaintiff for an award of Plaintiff's reasonable attorneys' fees, litigation costs and other costs of this action, together with a post-judgment hearing to determine the amount of Plaintiff's reasonable attorneys fees taxable to the Defendant, along with a determination of the Plaintiff's litigation costs and expenses taxable to the Defendant.

5. An appropriate award of pre-judgment interest on all sums recovered.

6. Such other and further relief as this Court deems just and proper.

                                      Respectfully submitted,

                                      PLAINTIFF

                                      By Plaintiff's Attorneys,

                                      MIMURA, COULTER & MIMURA, PLLC

                                      */s/ R.A. (Ron) Coulter*

                                      R.A. (RON) COULTER

TRIAL BY JURY IS HEREBY DEMANDED FOR ALL ISSUES SO TRIABLE.

                                      */s/ R.A. (Ron) Coulter*

                                      R. A. (RON) COULTER

JS 44 (Rev. 6/97)

# CIVIL COVER SHEET
## VERSION FOR USE IN U.S. DISTRICT COURT FOR THE DISTRICT OF IDAHO

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS.)

**I. (a) PLAINTIFF(s)**   Please list and number each plaintiff

1. Deana Ashton
2.
3.
4.
5.
6.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: ADA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEY(s)** [Firm name, Address, Telephone and Fax Number(s)]

Mr. R.A. Coulter
MIMURA, COULTER & MIMURA PLLC
1404 N. Main St Ste 100
Meridian, Idaho  83642-2828
(208) 288-0744
(208) 575-6217

CIV 04-590-S-BLW

**(a) DEFENDANT(s)**   Please list and number each defendant

1. Bilmar Inc.
2.
3.
4.
5.
6.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ADA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEY(s)** [Firm name, Address, Telephone and Fax Number(s)]

Ms. LaDawn Marsters
COSHO, HUMPHREY, GREENER, WELCH PA
815 W. Washington St.
Boise, Idaho  83702
(208) 344-7811
(208) 338-3290

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify) _____
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

The fair labor standards act 29USC 201 Et SEQ  Plaintiff commences action to recover Defendant unpaid wages and unpaid overtime.

**VI. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION   ☐ UNDER F.R.C.P. 23

**DEMAND $** $136,215 + AFC

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ YES   ☐ NO

**VII. RELATED CASE(S)**   (See Instructions):
**IF ANY**
JUDGE_____   DOCKET NUMBER_____

JS 44 (Rev. 6/97)

**VIII. NATURE OF SUIT**   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| | | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**IX. STATE COURT REMOVALS:**

(a) List any parties which are no longer pending:

(b) Pursuant to Local Rule 7.1(e) list any pending motions and date filed. If responses or replies have been filed, indicate the date filed.

MOTION/DATE FILED                RESPONSE/DATE FILED                REPLY/DATE FILED

1.

2.

3.

4.

DATE                             SIGNATURE OF ATTORNEY OF RECORD
11/22/04

FOR OFFICE USE ONLY
RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____